PACK *vs.* PACK.

1. The contract of an Indian is not *primâ facie* evidence of a consideration, but the consideration must be proved, and by two witnesses.

2. The statute on the subject applies as well to contracts between Indians, as to those between a white man and an Indian.

Error to De Kalb Circuit court.

Assumpsit, before *Boothe*, J.

This was an action of assumpsit, brought on a promissory note by the present plaintiff, against the present defendant. The plea of non-assumpsit was put in by the defendant, who obtained a verdict and judgment in his favor.

From a bill of exceptions, taken in the progress of the cause in the court below, it appears that after the plaintiff had read his note to the jury, the defendant proved an admission, that part of the note was paid, which was credited on the note, and that both plaintiff and defendant were Indians. Whereupon, the court charged the jury, that unless the plaintiff had proved the consideration of the note by two witnesses, that he could not recover, and they must find for the defendant.

This charge the plaintiff excepted to, and now assigned it for error.

*Martin*, for plaintiff in error.
*Cochran*, contra.

Pack *vs.* Pack.

ORMOND, J.—The question to be decided, in this case, depends on the construction of the statute on the subject —(Aik. Dig. 224.) "In all cases where suit is brought on contracts hereafter made, to recover money or property from any Indian, the consideration shall be proved by two credible witnesses."

It is contended by the counsel for the plaintiff, that the law just cited does not apply but to cases where the contract is between a white man and an Indian, and not to cases where the contract is between Indians. We can see no reason for the distinction attempted to be drawn. The clause cited, is part of an act by which the jurisdiction of the State was extended over the Indian tribes, and the Indians subjected to our laws. The humane provision involved in this case, was doubtless intended to afford an additional security to the Indian, ignorant of our language and laws; and this might in many cases be as necessary between Indians, as between an Indian and a white man. The terms of the law are general, and embrace such a case as the present, and we can see no reason for restraining its signification. Not only might the mischief be as great in one case as the other, but such a construction would, to a great extent, enable a white man to defeat the object of the law, by making his contracts nominally in the name of some Indian.

The position taken by the counsel, that the Indian is not entitled to the benefit of the statute, without putting in issue the consideration, is equally untenable.

The statute was not designed to alter the rules of pleading, but to affect the quantity of proof which should be required in such cases. The statute of frauds requires

Pack *vs.* Pack.

that certain contracts shall be in writing, to be obligato-ry, as when one binds himself to pay the debt of ano-ther; but it has never been held that it was necessary to aver in the pleading, that such agreement was in wri-ting, but that it is sufficient to prove it on the trial.

The contract of an Indian is not *prima facie* evidence of a consideration, but the consideration must be proved, and by two witnesses.

There is no error in the judgment of the court, and it must be affirmed.